UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Catherine Amila Brown, | ) C/A No. 6:10-1587-RBH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND |
| Cynthia Pennington, Mauldin High Cafeteria; Denise Forrester, Mauldin High Cafeteria; Julia T Cannon, Greenville County Schools Administration; Pat Mitchell, Greenville County Schools Administration; Mark A Delledonne, EEOC; Victoria A Mackey, EEOC Charlotte District Office; South Carolina Employment Security Commission, | ) RECOMMENDATION FOR ) DISMISSAL OF PARTIES |
| Defendants. | ) |

This employment discrimination action is filed by the *pro se* plaintiff, Catherine Amila Brown ("Plaintiff"), who is proceeding in this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The complaint names as defendants two federal employees with the Equal Employment Opportunity Commission, and a state agency, the South Carolina Employment Security Commission, who are not subject to liability in this case. These Defendants should be dismissed as parties in this case.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff files a complaint claiming employment discrimination in which she names two employees of the United States Equal Employment Opportunity Commission ("EEOC"). The only allegations against the EEOC employees are that they conducted "a very weak

investigation."  The complaint is silent as to what cause of action Plaintiff is attempting to bring against the federal employees.  The EEOC employees are not subject to suit under Title VII in this case, and no allegations of discrimination are made that could be construed as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)(A plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of the plaintiff's constitutionally protected rights.).  The complaint fails to state a claim against Defendants Delledonne and Mackey, and these defendants should be dismissed as parties to this action.

The complaint also names the South Carolina Employment Security Commission as a defendant in this case.  The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999).  Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).  A State may consent to suit in a federal district court, which serves to waive sovereign immunity.  *See Lapides v. Board of Regents*, 535 U.S. 613 (2002).  The Defendant South Carolina Employment

Security Commission has not consented to suit in federal court in this case, so the Eleventh Amendment bars Plaintiff from bringing a civil rights action in this court against Defendant South Carolina Employment Security Commission. The Defendant South Carolina Employment Security Commission should be dismissed as a party to this action.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss as parties to this case Defendants Delledonne and Mackey, as well as the South Carolina Employment Security Commission. Service of process on the remaining defendants has been ordered.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 13, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).